HENRY J. HUNT *vs.* GEORGE WILSON.

On the trial, in the court of common pleas, of an appeal from a justice of the peace, a defendant cannot, under the Rev. Sts. *c.* 85, give in evidence, as a defence, his title to real estate, unless it appear by the pleadings, or by a statement on the justice's record, that such title was concerned or brought in question before the justice.

TRESPASS for breaking and entering the plaintiff's dwelling-house. The action was commenced before a justice of the peace, and the defendant appeared and pleaded the general issue. It did not appear, by the record of the justice or otherwise, that any suggestion was made before him, or that it appeared to him, that the title to real estate was concerned or was to be brought in question. The justice gave judgment for the plaintiff, and the defendant appealed. On the trial of the appeal, in the court of common pleas, before *Warren*, J. the defendant offered evidence that the title to the dwellinghouse was in himself and not in the plaintiff. This evidence was rejected by the judge, and a verdict was returned for the plaintiff ; whereupon the defendant alleged exceptions.

*Porter*, for the defendant, argued that the course of proceedings, in cases of this nature, had been altered by the revised statutes. Under *St.* 1783, *c.* 42, § 2, when the general issue was pleaded before a justice, no evidence was admissible which might bring title to real estate in question. *Lynch* v. *Rosseter*, 6 Pick. 419. By Rev. Sts. *c.* 85, § 2, justices have jurisdic-

tion, concurrent with the common pleas, of actions in which such title may be concerned ; and by § 3, either party may remove the action to the common pleas. By § 4, if the party requesting such removal fails to recognize, &c., the justice shall determine the case. From these provisions, it seems, that as the justice, in the present case, had jurisdiction, it is immaterial whether or not it appeared before him that title was in question. The defendant was not bound to make his whole defence. He might have appeared, pleaded, joined issue, given no evidence, and appealed ; and by § 13, he might have had his cause tried in the common pleas, " in like manner as if it had been originally commenced there." (See commissioners' notes to chapters 82 and 85.) If it had been originally commenced in that court, he clearly might have given title in evidence. By *St.* 1836, *c.* 273, § 1, all matter of law may be given in evidence under the general issue.

*Byington* and *G. J. Tucker*, for the plaintiff. The Rev. Sts. *c.* 85, apply only where it appears, " by the pleadings or otherwise, that the title to real estate is concerned," &c. By § 11, an option is given to a defendant to plead orally or in writing, but no change is made in the rules of evidence as to title to real estate, or as to any other matter of defence.

The defendant is confined to the alternative which he first selects. If he plead not guilty before the justice, and try the case without suggesting title, he cannot give title in evidence in the common pleas. He also is thereby precluded from appealing to this court ; otherwise he either deprives the plaintiff of a right to appeal, or gives jurisdiction to three courts ; which neither the legislature nor the commissioners ever intended.

*Porter*, in reply. The suggestion, that on the defendant's construction of the Rev. Sts. *c.* 85, three courts would have jurisdiction, is answered by § 6, which gives the right of appeal to this court only in cases *removed* to the common pleas. The question of appeal can have no influence on the exceptions in this case.

DEWEY, J. The Rev. Sts. *c.* 85, have obviously introduced somewhat material changes as to the course of proceedings in

civil actions pending before justices of the peace.    But these changes do not, in our opinion, authorize a defendant, in a case where it does not appear, by the pleadings or by the record of the justice, that any suggestion was made, before the justice, that the title to real estate was concerned or brought in question, to offer evidence of title, as matter of defence, upon a trial in the court of common pleas, on an appeal from the justice.

Three important changes seem clearly indicated.    1. The provisions of the Rev. Sts. on this subject embrace a larger class of cases than were included in *St.* 1783, *c.* 42 ; as they apply to all actions pending before a justice of the peace, while that statute was restricted to actions of trespass, exclusively.    2. The form of pleading, required in such cases, in order to raise the question of title to real estate, is varied ; as it is sufficient that the defendant orally denies the right of the plaintiff to maintain his action, and alleges that the title to real estate is concerned or may be brought in question, and that this is stated by the justice on the record.    3. The more material change is, that when the title to real estate is brought in question, either by the pleadings in writing, or by the oral defence and the notice of it on the record, the justice may proceed to hear and determine the same, unless one of the parties request the removal of the same to the court of common pleas.

Neither of these changes seems to warrant the position of the defendant, that it is open to him, on the appeal, to raise for the first time the question of title to real estate.    That such was not the intention of the legislature we think may be fairly inferred from the general provisions of the 85th chapter of the Rev. Sts., and particularly from the 6th section, providing for the further appeal to the supreme judicial court, in all cases removed to the common pleas, where it appears by the pleadings or otherwise, that the title to real estate was brought in question before the justice.    This right of appeal to the supreme court would, upon the defendant's construction, be at his election alone, and to be determined by his mode of

defence before the justice : whereas the manifest design of the statute was, that in all cases of title to real estate, both parties might have the opportunity of a trial in the supreme court. Although the right of appeal to this court, in actions of trespass *quare clausum,* is now taken away by *St.* 1840, *c.* 87, it does not affect the force of the argument as to the proper construction of the statute we have been considering. It seems to us, therefore, that the ruling of the court of common pleas was correct.

*Exceptions overruled.*